

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-13-00203-CR

TOMMY ISREAL CASTRO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 58,861-C, Honorable Ana Estevez, Presiding

September 18, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

At a May 2009 hearing, appellant plead guilty to two counts of aggravated assault with a deadly weapon.[1]  Following the terms of a plea-bargain agreement, the trial court placed appellant on deferred adjudication community supervision.  The State later moved to proceed with adjudication of guilt based on appellant's alleged violation of community supervision.  The trial court granted the State's motion, adjudicated

---

[1] See TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2012).  This is a second degree felony.  TEX. PENAL CODE ANN. § 12.33 (West 2012).

appellant guilty, and sentenced him to ten years' confinement in prison on each count. The sentences run consecutive to a life sentence imposed for a Wilbarger County, Texas conviction for murder.

The two issues appellant brings challenge matters arising in the 2009 plea hearing. Finding we have no jurisdiction to consider these untimely complaints, we dismiss the appeal for want of jurisdiction.

## Background

At the May 2009 plea hearing, after the court accepted appellant's plea and imposed deferred adjudication community supervision, the reporter's record contains the following:

> THE COURT: All right. Well, then, in a little while you will be meeting with Probation to make sure that you understand all your conditions and set your time for your first time to meet with them. All right? And you will be meeting with the lady in green.
>
> All right, at this time I will ask the Court Reporter to stop recording, and we will have the victim impact statement.
>
> (Thereupon, the reporter stopped the recording and the victim impact statement was had.)
>
> THE COURT: All right, Mr. Castro, you need to meet with Probation. And, [defense counsel], you may be dismissed.
>
> (Proceedings adjourned.)

The clerk's record contains the trial court's certification, signed by appellant and his trial counsel, that the case was a plea-bargain case and appellant retained no right of appeal.

In June 2013 the trial court heard the State's motion to adjudicate guilt. Appellant contested the hearing and immediately before presentation of the State's evidence orally moved for a new trial of the 2009 plea hearing. He argued that during the victim impact statement he unsuccessfully attempted to withdraw his guilty pleas. The court denied the motion for new trial and proceeded with a hearing of the State's motion. Appellant testified that during the victim impact statement at the 2009 plea hearing he attempted to withdraw his guilty pleas but was told by the court and his counsel not to speak. Nothing in the record of the 2009 plea hearing supports appellant's claim.

Analysis

Appellant raises two issues. First he asserts a denial of due process because the trial court did not direct the court reporter to record the attempted withdrawal of his guilty pleas during the 2009 plea hearing.[2] Second, appellant contends his counsel at the 2009 plea hearing rendered ineffective assistance by not requesting the court reporter to record the withdrawal of his guilty pleas. We will discuss these issues jointly.

Within the allotted time following the 2009 hearing appellant did not file a formal bill of exception.[3] Nor did he file a notice of appeal.

---

[2] Code of Criminal Procedure article 42.03 prohibits the court reporter from recording victim-allocution statements. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(b) (West Supp. 2014); *Johnson v. State,* 286 S.W.3d 346, 348 (Tex. Crim. App. 2009). It appears appellant's assertion is the trial court was obligated to ensure that his plea withdrawal issue was placed on the record.

[3] *See Donovan v. State,* 68 S.W.3d 633, 636 (Tex. Crim. App. 2002) (a motion for new trial is unavailable for a defendant receiving deferred adjudication community supervision).

A defendant placed on deferred adjudication community supervision must timely appeal issues relating to that proceeding when the deferred adjudication is imposed. *Manuel v. State,* 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (a defendant placed on deferred adjudication community supervision may raise issues relating to an original plea proceeding only by an appeal taken when deferred adjudication community supervision is first imposed); *Daniels v. State,* 30 S.W.3d 407, 408 (Tex. Crim. App. 2000) (en banc) (finding in subsequent appeal from adjudication of guilt and imposition of sentence, defendant could not appeal any issues relating to his original deferred adjudication proceeding); *cf. Cibrian v. State,* 09-08-00170-CR, 2009 Tex. App. LEXIS 1637 (Tex. App.—Beaumont Mar. 4, 2009, no pet.) (mem. op., not designated for publication) (issues involving trial court's refusal to allow withdrawal of guilty plea and ineffective assistance of counsel, each arising from conduct of original plea hearing, could not be raised in appeal from subsequent adjudication of guilt).

The two complaints appellant brings in this appeal should have been raised in an appeal filed within thirty days of his placement under an order of deferred adjudication community supervision. We therefore lack jurisdiction to consider their merits. *See York v. State,* 2011 Tex. App. LEXIS 10127, at *2-3 (Tex. App.—Austin Dec. 23, 2011, no pet.) (mem. op., not designated for publication) (so finding).

Accordingly, we dismiss the appeal for want of jurisdiction.


James T. Campbell
Justice

Do not publish.

4